CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

NOV 18 2006

JOHN F. CORCORAN, CLERK
BY: /s/ S. Jaulca
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRI MARGRETTA TYREE, | ) |
| | ) Civil Action No. 7:06CV00447 |
| Petitioner, | ) |
| | ) |
| v. | ) MEMORANDUM OPINION |
| | ) |
| DIRECTOR OF VIRGINIA | ) |
| DEPARTMENT OF CORRECTIONS | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| Respondent. | ) |

This is a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 by petitioner, Terri Margretta Tyree, challenging on due process grounds the lawfulness of her confinement by the Virginia Department of Corrections ("VDOC") based on its determination that Tyree failed to comply with the conditions of her suspended sentence – a failure that VDOC claims converted her suspended sentence to an active sentence. The court directs VDOC to show cause why this court should not grant habeas relief based upon the State's failure to afford Tyree a hearing that complies with the due process clause of the 14th Amendment.

### I.

The Circuit Court for the City of Roanoke found Tyree guilty of a third or subsequent offense of larceny, and on December 12, 1996, sentenced her to five years imprisonment and suspended that sentence conditioned on her successful completion of a drug treatment program, if she were found eligible for that program at the time of her release on another criminal conviction. The judgment of conviction states:

> the defendant is hereby sentenced to commitment to the Department of Corrections for imprisonment for a term of five years, which term of imprisonment will be suspended for

the defendant to complete the Hegira House Program or other drug treatment program of the state or authorized provider, if the defendant is found eligible for such program at the time of her release on [her other criminal conviction].

On November 22, 2004, VDOC granted Tyree discretionary parole. However, on March 10, 2005, it rescinded her parole. It later explained to her that the Hegira House Program had not accepted her, and when her "five-year sentence was changed to consecutive [her] record was recomputed." Tyree complained, to no avail, that another program had accepted her, and eventually, on October 18, 2005, she filed a habeas petition in the Supreme Court of Virginia, noting that she had been accepted into a program and that "she never had an opportunity to present her case" and had been "denied due process." Respondent moved to dismiss and filed the supporting affidavit of Doris Ewing, the Senior Manager of Court in Legal Services for the Virginia Department of Corrections. According to Ewing, Tyree's sentence had been "reflected as a 5 year suspended sentence on Tyree's time computation record" but due to "Tyree's ineligibility for the Hegira House Program, Court and Legal Services changed the 5 year suspended petty larceny sentence to a 5 year consecutive sentence." Based on Ewing's affidavit, the Supreme Court of Virginia found that Tyree "has not been accepted to any treatment program and her sentence is being properly executed." Accordingly, it dismissed her petition.

Tyree, in turn, filed her current habeas petition essentially raising the claims the Supreme Court of Virginia rejected. Respondent has moved to dismiss on the ground that the Supreme Court of Virginia's decision did not unreasonably apply clearly established federal law as determined by the Supreme Court of the United States or unreasonably determine the facts. Consequently, it argues that decision is dispositive.

2

## II.

It appears to the court that Tyree has fairly raised a legitimate due process claim. The Circuit Court gave her a suspended sentence, and for all intents and purposes, the state has revoked that sentence without affording her a hearing. Respondent, however, has only addressed the claim as a claim concerning the interpretation of the Circuit Court's 1996 judgment order and a factual question as to whether a qualified drug treatment program accepted Tyree. Under the circumstances, the court will direct respondent to show cause why the court should not grant Tyree's petition for habeas relief.

It is clearly established that the revocation of a suspended sentence implicates due process and the right to a hearing. Gagnon v. Scarpelli, 411 U.S. 778 (1973). Yet, VDOC essentially converted Tyree's sentence without a hearing. Respondent's contention that the Supreme Court of Virginia's finding that Tyree had "not been accepted into any approved treatment program" is presumptively correct and dispositive. The court finds, however, that even if the finding is presumptively correct, it has no bearing on Tyree's right to a hearing. Due process requires a hearing before a suspended sentence is revoked, even if the outcome seems clear. Consequently, it appears to the court that Tyree might be entitled to habeas relief.

## III.

For the reasons stated, the court will direct VDOC to show cause why this court should not grant habeas relief based upon the State's failure to afford Tyree a hearing that complies with the due process clause of the 14th Amendment.

**ENTER:** This November 17, 2006.

_____
UNITED STATES DISTRICT JUDGE

3

Case 7:06-cv-00447-SGW-mfu  Document 11  Filed 11/20/06  Page 3 of 3  Pageid#: 131