CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAR 22 2007

JOHN F. CORCORAN, CLERK
BY:
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| TERRI MARGRETTA TYREE, ) | |
| Petitioner, ) | Civil Action No. 7:06cv00447 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| DIRECTOR OF VIRGINIA DEPARTMENT ) | |
| OF CORRECTIONS, ) | By: Samuel G. Wilson |
| Respondent. ) | United States District Judge |

Petitioner, Terri Margretta Tyree, filed this 28 U.S.C. § 2254 petition challenging the lawfulness of her confinement following the revocation of her suspended sentence without a hearing. This matter is before the court on the respondent's motion to dismiss. The court finds that Tyree's claim is now moot and therefore grants respondent's motion to dismiss.

I.

The Circuit Court for the City of Roanoke found Tyree guilty of a third or subsequent offense of larceny, and on December 12, 1996, sentenced her to five years imprisonment. The court suspended that sentence conditioned on her participation in a drug treatment program, if she were found eligible for that program at the time of her release on another criminal conviction.[1] On November 22, 2004, the Virginia Parole Board granted Tyree discretionary parole. At the time Tyree was to be released on parole, purportedly no drug treatment program had accepted her; consequently, the Virginia Department of Corrections ("VDOC") determined that her suspended sentence should be an active sentence. Tyree complained, to no avail, that a drug treatment program had accepted her and that the VDOC was not in compliance with the Circuit Court's December 12, 1996 sentencing order. Eventually, on October 18, 2005, she filed a habeas petition in the Supreme Court

---

[1] The judgment of conviction states: the defendant is hereby sentenced to commitment to the Department of Corrections for imprisonment for a term of five years, which term of imprisonment will be suspended for the defendant to complete the Hegira House Program or other drug treatment program of the state or authorized provider, if the defendant is found eligible for such program at the time of her release on [her other criminal conviction].

of Virginia, noting that she had been accepted into a drug treatment program, she "never had an opportunity to present her case" before her suspended sentence was revoked, and she was "denied due process." The Supreme Court of Virginia dismissed her habeas petition, finding that Tyree's claims had no merit because Tyree "has not been accepted to any drug treatment program and her sentence is being properly executed." Tyree, in turn, filed her current habeas petition essentially raising the claims the Supreme Court of Virginia rejected.

Respondent moved to dismiss on the ground that the Supreme Court of Virginia's decision did not unreasonably apply clearly established federal law as determined by the Supreme Court of the United States or unreasonably determine the facts. Consequently, it argues that decision is dispositive. However, because respondent only addressed the claim as a claim concerning the interpretation of the Circuit Court's 1996 judgment order and a factual question as to whether a qualified drug treatment program accepted Tyree, without addressing Tyree's due process claim, on November 17, 2006, the court directed respondent to show cause why the court should not grant Tyree's petition for habeas relief.

In its response, respondent argued that Tyree's due process claim was procedurally defaulted because she did not clearly raise the issue in the state court, but also stated that in the interest of fairness, respondent would request that Tyree be granted a hearing in the Circuit Court regarding the revocation of her suspended sentence. On February 2, 2007, the court ordered respondent to apprise the court of the status of Tyree's revocation hearing. Respondent notified the court that on February 8, 2007, Tyree had been released from VDOC custody on parole supervision and was currently living in Florida. The court gave Tyree the opportunity to respond to the status report and she confirmed that she had indeed been released and that she still wished to pursue her claims.

2

## II.

Generally, a case becomes moot when "the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome." Powell v. McCormack, 395 U.S. 486, 496 (1969). Even if a case was live at its inception, an actual controversy must exist during all stages of litigation to satisfy the case-or-controversy requirement of Article III of the U.S. Constitution. Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990). Thus, when changes occur during the course of litigation that eliminate the petitioner's interest in the outcome of the case or the petitioner's need for the requested relief, the case must be dismissed as moot. See Friedman's Inc. v. Dunlap, 290 F.3d 191, 197 (4th Cir. 2002)

"An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement . . . . Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Spencer v. Kemna, 523 U.S. 1, 7 (1998). Unlike a petitioner seeking relief from an original conviction, a petitioner seeking relief from a suspended sentence revocation is not entitled to a presumption of collateral consequences satisfying the case-or-controversy requirement of Article III. E.g., id. at 14. Therefore, where a petitioner seeks to challenge the revocation of her suspended sentence, she must demonstrate a concrete, ongoing injury-in-fact, attributable to the revocation. However, where the term of incarceration imposed by the revocation of a suspended sentence has already expired, a challenge to that revocation becomes moot. E.g., id. at 13-16.

In the instant case, Tyree's term of incarceration imposed by the revocation of her suspended sentence ended when she was released from custody on February 8, 2007. Accordingly, her challenge to the revocation of her suspended sentence is now moot.

3

## III.

For the foregoing reasons, the court grants respondent's motion to dismiss.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and the accompanying Order to the petitioner.

**ENTER**: This 22nd day of March, 2007.

United States District Judge